1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8    KRISTIN B.,

9                              Plaintiff,

10    v.

11    COMMISSIONER OF SOCIAL
      SECURITY,

12

13                              Defendant.

CASE NO. 2:19-CV-1335 – DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

14        Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

15   Defendant's denial of Plaintiff's application for supplemental security income ("SSI"). Pursuant

16   to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties

17   have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

18        After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

19   erred when she improperly evaluated Dr. Ellen Walker's opinion. The ALJ's error is therefore

20   harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. §

21   405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further

22   proceedings consistent with this Order.

23
24

1

## FACTUAL AND PROCEDURAL HISTORY

2    On March 30, 2016, Plaintiff filed an application for SSI, alleging disability as of May

3 23, 2015. *See* Dkt. 8, Administrative Record ("AR") 13. The application was denied upon initial

4 administrative review and on reconsideration. *See* AR 13. A hearing was held before ALJ

5 Stephanie Martz on April 3, 2018. *See* AR 13. In a decision dated August 21, 2018, the ALJ

6 determined Plaintiff to be not disabled. *See* AR 24. Plaintiff's request for review of the ALJ's

7 decision was denied by the Appeals Council, making the ALJ's decision the final decision of the

8 Commissioner. *See* AR 12; 20 C.F.R. § 404.981, § 416.1481.

9    In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) discounting the

10 medical opinion evidence; (2) discounting Plaintiff's testimony and the lay witness testimony;

11 and (3) determining Plaintiff could perform past relevant work at Step Five. Dkt. 10.

12

## STANDARD OF REVIEW

13    Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

14 social security benefits if the ALJ's findings are based on legal error or not supported by

15 substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

16 Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

17

## DISCUSSION

18 **I.    Whether the ALJ properly considered the medical opinion evidence.**

19    Plaintiff asserts the ALJ erred by improperly discounting Dr. Walker's opinion. Dkt. 10,

20 pp. 3-8.

21    In assessing an acceptable medical source, an ALJ must provide "clear and convincing"

22 reasons for rejecting the uncontradicted opinion of either a treating or examining physician.

23 *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 2

(9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Walker conducted a psychological evaluation of Plaintiff in February 2016 and another psychological evaluation in December 2017 using forms from the Washington State Department of Social and Health Services ("DSHS"). AR 427-430, 659-662. For both evaluations, Dr. Walker conducted a clinical interview and mental status examination ("MSE") of Plaintiff, made diagnoses, and opined to several moderate and marked limitations in check-the-box form. AR 427-430, 659-662. For example, Dr. Walker opined Plaintiff would have marked limitations in completing a normal work day and work week without symptoms from psychologically based symptoms and in learning new tasks. AR 429, 661. Dr. Walker diagnosed Plaintiff with panic disorder and depression in February 2016, and with panic disorder, depression, and PTSD in December 2017. AR 428, 660.

The ALJ provided little weight to Dr. Walker's opinion, because:

(1) Dr. Walker did not offer any objective findings to accompany her notes and support her assessment. (2) Additionally, some of what the claimant told Dr. Walker, including not seeing friends or leaving the home, was related to an abusive partner and not due to her mental health. The claimant later reported having friends, navigating issues involved living [sic] in a shelter, and having some relationships with family. (3) A separate mental health professional assessed the claimant as cognitively intact.

AR 20 (citations omitted) (numbering added).

First, the ALJ discounted Dr. Walker's opinion because she did not include any objective findings in her notes to support her opinion. An ALJ may "permissibly reject[ ] ... check-off reports that [do] not contain any explanation of the bases of their conclusions." *Molina v. Astrue*, 674 F.3d 1104, 1111-1112 (9th Cir. 2012) (internal quotation marks omitted) (quoting *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir.1996)). But, "opinions in check-box form can be entitled to substantial weight when adequately supported." *Neff v. Colvin*, 639 Fed. Appx. 459 (9th Cir. 2016) (internal quotation marks omitted) (citing *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014)).

Here, the ALJ's reasoning conflicts with Dr. Walker's opinion. The ALJ concluded Dr. Walker did not include any support for her opinion when she opined to several moderate and marked limitations. But Dr. Walker noted Plaintiff's memory, concentration, and insight and judgment were all not within normal limits. AR 430, 662. Dr. Walker also conducted a clinical interview and MSE of Plaintiff for each evaluation. AR 427-430, 659-662. In both MSEs, Dr. Walker found Plaintiff's mood and affect were anxious and depressed. AR 430, 662. Thus, both assessments were accompanied by objective medical evidence and therefore provided support to Dr. Walker's opinion. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (clinical interviews and MSEs are "objective measures" which "cannot be discounted as a self-report"). Accordingly, the ALJ's first reason for discounting Dr. Walker's opinion is not specific and legitimate and supported by substantial evidence.

Second, the ALJ discounted Dr. Walker's opinion because "some of what [Plaintiff] told Dr. Walker … was related to an abusive partner and not due to her mental health." AR 20. An ALJ may discount a doctor's opinion regarding a claimant's mental health impairments if the doctor

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 4

1    opined the claimant's impairments are situational in nature. *See Dow v. Astrue*, 2010 WL 55659 at

2    *13 (S.D. Cal. Jan. 5, 2010) (affirming the ALJ's decision to reject the opinion of the claimant's

3    treating physician because the physician's treatment notes "show [the claimant's] depression is

4    more situational").

5        Here, the ALJ failed to recognize that Dr. Walker still diagnosed Plaintiff with PTSD,

6    panic disorder, and depression nearly a year after Plaintiff ended her abusive relationship. *See* AR

7    659-662. Dr. Walker noted Plaintiff was out of her abusive relationship in February 2017 yet still

8    continued to suffer from "chronic worrying[,] severe panic attacks … PTSD symptoms including

9    nightmares, hypervigilance, flashbacks, heightened startle response, intrusive memories of trauma

10   … emotional distress with reminders of trauma … [o]ngoing depression with trouble staying

11   motivated, feels heartbroken, [and] suicidal ideation at times but plans to harm herself." AR 659.

12   While Plaintiff's abusive relationship may have contributed to Plaintiff's mental health

13   impairments, there is no evidence in Dr. Walker's opinion indicating Plaintiff's mental health

14   impairments are situational. Further, the ALJ is not permitted to selectively rely on certain

15   observations in the opinion that support her conclusion without considering their context. *Reddick*,

16   157 F.3d 715 at 722-723. Accordingly, the Court finds the ALJ's second reason for discounting Dr.

17   Walker's opinion is not specific and legitimate and supported by the record.

18       Third, the ALJ discounted Dr. Walker's opinion because it conflicts with Dr. Karen

19   Young's opinion. AR 20. The fact that Dr. Walker's opinion contradicts Dr. Young's opinion

20   simply determines the governing standard for rejecting Dr. Walker's opinion. *See Lester*, 81 F.3d

21   at 830-831 (citing *Andrews*, 53 F.3d at 1043) (establishing the "specific and legitimate" standard

22   for physician opinions that are contradicted); *Murray*, 722 F.2d at 502. Here, the ALJ did not

23   provide any reasoning following her claim that the two opinions are contradictory. Without

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 5

1    providing more analysis, the ALJ's reasoning is conclusory. *See Hess v. Colvin*, No. 14–8103,

2    2016 WL 1170875, at *3 (C.D. Cal. Mar. 24, 2016) (an ALJ merely offers her conclusion when

3    her statement "stands alone, without any supporting facts"). Accordingly, the ALJ's third reason

4    for discounting Dr. Walker's opinion is not specific and legitimate and supported by substantial

5    evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014)

6    (citation omitted) ("the ALJ must provide some reasoning in order for [the Court] to meaningfully

7    determine whether the ALJ's conclusions were supported by substantial evidence").

8        For the above stated reasons, the Court finds the ALJ failed to provide specific and

9    legitimate reasons supported by substantial evidence for discounting Dr. Walker's opinion. Thus,

10   the ALJ erred.

11       "[H]armless error principles apply in the Social Security context." *Molina*, 674 F.3d at

12   1115. An error is harmless, however, only if it is not prejudicial to the claimant or

13   "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc.*

14   *Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The

15   determination as to whether an error is harmless requires a "case-specific application of

16   judgment" by the reviewing court, based on an examination of the record made "'without

17   regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-

18   1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

19       Had the ALJ given great weight to Dr. Walker's opinion, the ALJ may have included

20   additional limitations in the residual functional capacity ("RFC"). For example, Dr. Walker opined

21   Plaintiff would have marked limitations in completing a normal work day and work week

22   without symptoms from psychologically based symptoms. AR 429, 661. In contrast, in the RFC,

23   the ALJ limited Plaintiff's absenteeism to "customary tolerances of employer rules regarding

24

sick leave and absence" and did not include any productivity limitations. *See* AR 18. Therefore, if Dr. Walker's opinion was given great weight and additional limitations were included in the RFC and in the hypothetical question posed to the vocational expert ("VE"), the ultimate disability determination may have changed. Accordingly, the ALJ's errors are not harmless and require reversal. The ALJ is directed to reassess Dr. Walker's opinion on remand.

## II.     Whether the ALJ properly evaluated Plaintiff's testimony and the lay witness testimony.

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about her symptoms and limitations. Dkt. 10, pp. 8-13. Plaintiff also contends the ALJ failed to provide specific, germane reasons for rejecting the lay witness testimony. Dkt. 10, pp. 13-14. The Court concludes the ALJ committed harmful error in assessing Dr. Walker's opinion and must re-evaluate it on remand. *See* Section I, *supra*. Because Plaintiff will be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact her assessment of Plaintiff's subjective testimony and the lay witness testimony, the ALJ must reconsider Plaintiff's testimony and the lay witness testimony on remand.

## III.    Whether the ALJ erred at Step Five.

Plaintiff alleges the ALJ erred at Step Five of the sequential evaluation, arguing that the ALJ failed to identify alternative jobs Plaintiff could perform. Dkt. 10, pp. 14-15. The Court has directed the ALJ to reassess Dr. Walker's opinion, which may result in additional RFC limitations. Plaintiff's RFC and the types and number of jobs available at Step Five may change. As such, the ALJ shall perform a new Step Five analysis based on a re-evaluation of the opinion evidence. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the

1 | ALJ's RFC determination and hypothetical questions posed to the VE defective when the ALJ
2 | did not properly consider a doctor's findings).

3 | <u>CONCLUSION</u>

4 |      Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded
5 | Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and
6 | this matter is remanded for further administrative proceedings in accordance with the findings
7 | contained herein.

8 |      Dated this 28th day of April, 2020.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 8